IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDWARD LEE HUMES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-638-E-BN |
| | § | |
| DALLAS POLICE DEPARTMENT, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Edward Lee Humes filed a *pro se* complaint against the Dallas Police Department, alleging that he "was exercising [his] 1st Amendment" right by "playing music & talking to the people and was told to move by the Dallas Police Department" and that he "asked to speak to a high officer" but was told that "none was available," which Humes alleges "was a lie." Dkt. No. 3.

Based on the return address provided, it does not appear that Humes was in custody when this lawsuit was filed, so the Prison Litigation Reform Act does not appear to apply to this suit. *See* 28 U.S.C. § 1915A(c).

Regardless, Humes moved for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 4. So United States District Judge Ada Brown referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court will grant Humes's IFP motion through a separate order, subjecting the complaint to screening under 28 U.S.C. § 1915(e).

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, to the extent and for the reasons set out below, the Court should dismiss the complaint.

## Legal Standards

Section 1915(e) requires that the Court "dismiss the case at any time" if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The Court is therefore "statutor[ily] mandate[d] to dismiss a complaint whenever it becomes apparent to the court that no claim for relief is stated." *Harmon v. Nguyen*, No. 3:14-cv-2038-D-BN, 2016 WL 750923, at \*5 (N.D. Tex. Feb. 4, 2016) (quoting *Moore-Bey v. Cohn*, 69 F. App'x 784, 787-88 (7th Cir. 2003) (per curiam)), *rec. adopted*, 2016 WL 740381 (N.D. Tex. Feb. 25, 2016).

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam). Accordingly, the pleading requirements set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), apply to the Court's screening of a complaint filed IFP.

Considering these standards, Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, just "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. So, "[w]here a complaint pleads facts that are merely consistent with a

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

In sum, to avoid dismissal, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief'

is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

## Analysis

First, the only defendant named by Humes is the Dallas Police Department ("DPD").

And police departments of Texas municipalities named as defendants are commonly dismissed as non-jural entities – entities that do not enjoy a separate and distinct legal existence. *See, e.g., Combs v. City of Dall.*, 289 F. App'x 684, 686 (5th Cir. 2008) (per curiam) (affirming dismissal of "the DPD as a defendant because it is a servient political department that does not enjoy a separate and distinct legal existence from the City of Dallas," as the plaintiff failed to "show that the City of Dallas granted the DPD the capacity to sue or be sued as a separate and distinct entity" (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) ("[U]nless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself."))).

But, even if the Court construes Humes's allegations as against the City of Dallas itself, Humes has not alleged a claim against the City based on a single incident (or at least incidents isolated to him). And he makes no other allegations that could plausibly establish that the City is liable for the harm Humes alleges.

Because "[a] person may sue a municipality that violates his or her constitutional rights [only] 'under color of any statute, ordinance, regulation, custom,

or usage,'" *Hutcheson v. Dall. Cnty., Tex.*, 994 F.3d 477, 482 (5th Cir. 2021) (quoting 42 U.S.C. § 1983; citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)), a plaintiff alleging a *Monell* claim "has two burdens: to [plausibly allege] (1) that a constitutional violation occurred and (2) that a municipal policy was the moving force behind the violation," *Sanchez v. Young Cnty., Tex.*, 956 F.3d 785, 791 (5th Cir. 2020) (citing *Monell*, 436 U.S. at 694).

Accordingly, "[i]n municipal-liability cases," the threshold question "is whether the complained-of 'act may fairly be said to represent official policy.'" *Id.* at 792-93 (cleaned up; quoting *Monell*, 436 U.S. at 694); *see also Hutcheson*, 994 F.3d at 483 (rejecting the argument that a district court errs by dismissing a *Monell* claim without first analyzing the underlying constitutional violation).

And a plaintiff may proceed on a *Monell* claim only by

identify[ing] "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy (or custom)." *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir. 2002) (cleaned up). Municipalities are not liable "on the theory of respondeat superior" and are "almost never liable for an isolated unconstitutional act on the part of an employee." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009).

*Hutcheson*, 994 F.3d at 482; *see also Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 497 & n.11 (5th Cir. 2021) (noting that where a plaintiff's claim fails as to one prong, a court "need not consider whether [his] claim also fails the other two *Monell* prongs" (citing *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 168-69 (5th Cir. 2010))).

Focusing just on the first element, while Humes has not identified a specific policy of the City, an official policy may include "practices so persistent and

widespread as to practically have the force of law." *Johnson v. Harris Cnty.*, 83 F.4th 941, 946 (5th Cir. 2023) (quoting *Peña v. City of Rio Grande City*, 879 F.3d 613, 621-22 (5th Cir. 2018)).

"Plausibly to plead that a practice is 'so persistent and widespread as to practically have the force of law, a plaintiff must do more than describe the incident that gave rise to his injury.'" *Id.* (quoting *Peña*, 879 F.3d at 622).

So, almost without exception, allegations "limited to the events surrounding the plaintiff" himself cannot constitute "an allegation of a *de facto* policy." *Culbertson v. Lykos*, 790 F.3d 608, 629 (5th Cir. 2015).

Instead, "[a] plaintiff can establish a policy by pointing to similar incidents that are sufficiently numerous and have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of [municipal] employees." *Robinson*, 80 F.4th at 710 (cleaned up; quoting *Martinez v. Nueces Cnty.*, 71 F.4th 385, 389 (5th Cir. 2023) (quoting, in turn, *Peterson*, 588 F.3d at 850-51)). "That knowledge, coupled with a failure to act, can show the existence of a municipal policy." *Id.*

And, since Humes's allegations are limited to the harm that he purportedly suffered, he has not plausibly alleged an official policy and has therefore not alleged liability against the City under Section 1983. *See, e.g.*, *Johnson*, 83 F.4th at 947 ("Johnson's claim against the county fails because she does not plausibly allege *any* pattern of conduct – much less a pattern of similar violations." (emphasis in original)).

But, even if the Court puts aside the required elements of municipal liability, Humes also has not alleged a plausible violation of the First Amendment.

From the few facts that Humes provides, the undersigned liberally construes his complaint as alleging that the City retaliated against him in violation of the First Amendment – the retaliatory act: telling Humes to move.

The elements of a Section 1983 claim for First Amendment retaliation – all of which Humes must allege facts to support – are "that '(1) he was engaged in constitutionally protected activity; (2) the defendant's actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) the defendant's adverse actions were substantially motivated by the constitutionally protected conduct.'" *McLin v. Ard*, 866 F.3d 682, 696 (5th Cir. 2018) (cleaned up; quoting *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002)).

Humes alleges no facts to support these essentially elements. For example, like McLin, Humes's allegation that, while "exercising [his] 1st Amendment" right by "playing music & talking to the people," he "was told to move," Dkt. No. 3 at 1, "is a legal conclusion and is not entitled to an assumption of truth," *McLin*, 866 F.3d at 697 ("Even drawing all appropriate inferences in favor of McLin, these allegations are insufficient to allege curtailment of McLin's speech. The assertion that McLin suffered 'violations of his First Amendment rights' is a legal conclusion and is not entitled to an assumption of truth. *See Iqbal*, 556 U.S. at 678-79. McLin is left with an allegation of "great personal damage," which does not demonstrate that he reduced or changed his exercise of free speech in any way." (citations omitted)).

In sum, the Court should dismiss Humes's complaint.

But the ability to file objections to this recommendation (as further explained below) allows Humes an opportunity to cure the deficiencies identified above and thus show the Court that this case should not be dismissed with prejudice at this time and that the Court should instead grant leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

### Recommendation

Unless Plaintiff Edward Lee Humes satisfactorily shows through timely objections a basis to amend the complaint to allege a plausible claim, the Court should dismiss this lawsuit with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: April 1, 2024

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE